UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZACHARY ECHLIN, on behalf of himself and others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DYNAMIC COLLECTORS, INC.,<br><br>　　　　　　　Defendant. | CASE NO. C14-5718 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A CONTINUANCE, GRANTING DEFENDANT'S MOTION TO STRIKE, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING AS MOOT DEFENDANT'S MOTION FOR A PROTECTIVE ORDER, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME |

　　　This matter comes before the Court on several motions from both parties (Dkts. 14, 21, 25, 29, 35). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

# I. PROCEDURAL HISTORY

On September 10, 2014, Plaintiff Zachary Echlin ("Echlin") filed a class action complaint against Defendant Dynamic Collectors, Inc. ("Dynamic"). Dkt. 1. On October 20, 2014, Echlin filed an amended complaint. Dkt. 9. Echlin alleges that Dynamic violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. *Id.* ¶¶ 47–62.

On January 8, 2015, Dynamic moved for summary judgment. Dkt. 14. On January 26, 2015, Echlin responded and moved to continue Dynamic's motion. Dkt. 21. On January 28, 2015, Dynamic renoted its motion for March 13, 2015. Dkt. 22. On March 9, 2015, Echlin filed a supplemental response. Dkt. 28. On March 12, 2015, Dynamic replied. Dkt. 31. On March 13, 2015, Echlin filed a surreply. Dkt. 34. That same day, Dynamic moved to strike Echlin's surreply as improper.[1] Dkt. 35.

On February 26, 2015, Dynamic moved for a protective order regarding class discovery. Dkt. 25. On March 11, 2015, Echlin responded. Dkt. 30. On March 12, 2015, Dynamic replied. Dkt. 33.

On March 9, 2015, Echlin moved to extend the deadline for filing a class certification motion. Dkt. 29. On March 18, 2015, Dynamic responded. Dkt. 36. Echlin did not file a reply.

---

[1] In his surreply, Echlin provides additional briefing and evidence in response to Dynamic's summary judgment motion. *See* Dkt. 34. Echlin's surreply is improper under Local Rule 7(g). Local Rules, W.D. Wash. LCR 7(g). Accordingly, the Court grants Dynamic's motion to strike Echlin's surreply (Dkt. 35).

## II. FACTUAL BACKGROUND

In September 2013, Echlin received medical treatment from PeaceHealth Medical Group ("PeaceHealth"). Dkt. 9 ¶¶ 9–10; Dkt. 15, Declaration of Colette Huerta-Dowell ("Huerta-Dowell Dec."), Ex. 3. Following his treatment, Echlin had a balance on his PeaceHealth account. Huerta-Dowell Dec., Ex. 3. PeaceHealth's Consent for Treatment and Financial Agreement states that "[a]ccounts are payable in full at the time of billing," and "[a]ll accounts not paid within 30 days may be considered past due unless satisfactory payment arrangement has been made." Dkt. 9 ¶ 14. PeaceHealth's Patient Financial Policy further provides:

> In the event that a patient stops making payment on his/her outstanding balance for longer than 45 days, he/she will be considered as having a delinquent account. . . . Patients with outstanding balances may have their accounts forwarded to a collection agency after 90 days of non-payment.

*Id.* ¶ 12.[2]

On November 21, 2013, a payment was made on Echlin's PeaceHealth account. Huerta-Dowell Dec. ¶ 6, Ex. 3. On December 5 and 19, 2013, two more payments were made on Echlin's account. *Id.* In January, February, and March 2014, PeaceHealth sent Echlin letters regarding his account balance. *Id.* Payments were not made in response to these letters. *Id.*

---

[2] Neither party has submitted copies of either PeaceHealth policy. Because the language of the policies does not appear to be in dispute, the Court will accept the parties' representations as to the content of the policies.

Dynamic has a contract with PeaceHealth to serve as PeaceHealth's collection agency. Huerta-Dowell Dec. ¶ 2, Ex. 1. The contract provides that there is a thirty-day "pre-collection period" on all open accounts. *Id.* During this period, Dynamic "assists PeaceHealth by sending a pre-collection letter to a person that is considered delinquent on their account." Huerta-Dowell Dec. ¶ 3.

Sometime after April 14, 2014, Echlin received a letter printed on PeaceHealth letterhead ("April 2014 letter"). Dkt. 9 ¶¶ 17–18. The letter states, in relevant part, as follows:

> Your account with PeaceHealth . . . remains in a delinquent status and is being reviewed for collections. We would like to help you resolve this issue and avoid having the account go to a "full collection" status which could involve delinquent credit reporting. Please remit the full balance today by calling Sue at the number below with your Debit/Credit Card for no additional fee. You can also send your payment to the address below. . . . We will continue to hold your account in our office for thirty days from the date of this letter. If we have not heard from you within this time frame, your account will then be sent to Dynamic Collectors, Inc. for collection action.

*Id.* ¶ 17. The letter provides PeaceHealth's contact information and directs payment to PeaceHealth. *Id.*

Sometime after May 20, 2014, Echlin received a letter printed on Dynamic letterhead ("May 2014 letter"). *Id.* ¶ 19. The letter states, in part, as follows:

> The account listed below, has been placed with our office for collection. Please call our office if you have questions regarding the account. Payment should be made out to Dynamic Collectors Inc or DCI, and mailed to our office. . . . Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. . . . . This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

*Id.* The letter provides Dynamic's contact information and directs payment to Dynamic. *Id.*

Dynamic sent both the April 2014 and May 2014 letters to Echlin.[3]  *Id.* ¶¶ 18, 20–21. All of Echlin's FDCPA claims relate to the April 2014 letter. *Id.* ¶¶ 47–62.

## III. DISCUSSION

**A.  Echlin's Motion for a Continuance**

In response to Dynamic's summary judgment motion, Echlin asks the Court to continue Dynamic's motion until the close of discovery on November 18, 2015. Dkt. 21 at 4–7; Dkt. 28 at 3.

Federal Rule of Civil Procedure 56(d) allows the Court to deny or continue a motion for summary judgment if the defending party establishes that it is unable to properly defend against the motion. Fed. R. Civ. P. 56(d). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The movant "must make clear what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). "Failure to comply with these requirements is a proper ground for

---

[3] Neither party has submitted copies of the April 2014 and May 2014 letters. Because the language of the letters does not appear to be in dispute, the Court will accept the parties' representations as to the content of the letters.

ORDER - 5

denying discovery and proceeding to summary judgment." *Fam. Home*, 525 F.3d at 827 (internal quotation marks omitted).

Here, Echlin has failed to show that a continuance is necessary. Echlin argues that he should be provided the opportunity to conduct discovery into the circumstances surrounding his debt, Dynamic's debt collection conduct, and Dynamic's guidelines. Dkt. 21 at 7. Echlin, however, has not submitted an affidavit that identifies the particular facts he hopes to discover and how those facts are essential to his defense of Dynamic's summary judgment motion. *See Fam. Home*, 525 F.3d at 827.

Moreover, Echlin has had two additional months to conduct discovery since Dynamic filed its summary judgment motion. Shortly after Echlin requested a continuance, Dynamic renoted its motion from January 30, 2015 to March 13, 2015. Dkt. 22. On February 27, 2015, Dynamic provided responses to Echlin's discovery requests. Dkt. 32, Declaration of Marc Rosenberg ("Rosenberg Dec.") ¶ 4, Ex. 1. Echlin did not note any deficiencies in Dynamic's responses when he filed his supplemental response to Dynamic's summary judgment motion. *See id.*; Dkt. 28.

For these reasons, the Court denies Echlin's motion for a continuance. The Court will proceed to address the merits of Dynamic's summary judgment motion.

**B.      Dynamic's Motion for Summary Judgment**

Dynamic moves for summary judgment on the following grounds: (1) Dynamic is not a debt collector under the FDCPA because Echlin's account was not in default when

the April 2014 letter was sent; and (2) Dynamic merely acted as a mailing service for PeaceHealth and thus does not fall under the FDCPA.[4]  Dkt. 14.

**1.      Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

---

[4] Dynamic also argues that it did not violate 15 U.S.C. § 1692j(a) because the April 2014 letter did not constitute "flat rating." Dkt. 14 at 14. Echlin does not allege that Dynamic violated section 1692j(a) in his amended complaint or in his responses to Dynamic's summary judgment motion. *See* Dkts. 9, 21, 28. Accordingly, the Court need not address this argument.

ORDER - 7

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**2.    Debt in Default**

Dynamic first argues that it does not fall under the FDCPA's definition of a "debt collector" because Echlin's debt was not "in default" at the time Dynamic sent the April 2014 letter.  Dkt. 14 at 7–12.

As a threshold matter, the FDCPA applies only to "debt collectors."  15 U.S.C. § 1692a(6); *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  The term "debt collector" does not include a person who collects or attempts

to collect a debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(F).  Thus, if Echlin's debt was not in default when Dynamic acquired it, then Dynamic was not a debt collector under the FDCPA.  *Id.*

The FDCPA does not define "in default."  *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074 (9th Cir. 2011).  To determine whether a debt is in default, courts in the Ninth Circuit "look to any underlying contracts and applicable law governing the debt at issue."  *Id.*  In other words, "[w]hether a debt is in default is generally controlled by the terms of the contract creating the indebtedness and applicable state law."  *Id.* (quoting, in parenthetical, Fed. Trade Comm'n, Advisory Op. n.2 (Apr. 25, 1989)).

Here, neither party has pointed to a contract between Echlin and PeaceHealth that defines exactly when or under what conditions Echlin's debt would go into default.  The parties have also not identified any Washington law that determines when the debt at issue in this case would go into default.  The Court is therefore left to apply a case-by-case approach to determine whether Echlin's debt was in default when Dynamic obtained it.  *See, e.g.*, *Mavris v. RSI Enters. Inc.*, No. CV-14-01058, 2015 WL 717935, at *5 (D. Ariz. Feb. 19, 2015); *Natividad v. Wells Fargo Bank, N.A.*, No. 3:12-cv-03646, 2013 WL 2299601, at *4 (N.D. Cal. May 24, 2013).

Case law provides some guidance as to when a debt is in default.  The Ninth Circuit has noted that "[t]he [FDCPA's] legislative history is consistent with construing 'in default' to mean a debt that is at least delinquent, and sometimes more than overdue."  *De Dios*, 641 F.3d at 1075 n.3.  The Second Circuit has stated that "[i]n applying the

FDCPA, courts have repeatedly distinguished between a debt that is in default and a debt that is merely outstanding, emphasizing that only after some period of time does an outstanding debt go into default." *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 86 (2d Cir. 2003).

Dynamic contends that Echlin's account was only considered to be "delinquent" rather than "in default" when the April 2014 letter was sent. Dkt. 14 at 9; Huerta-Dowell Dec. ¶ 3. However, Dynamic's belief that Echlin's account was not in default is not dispositive of whether default had in fact occurred. *See Mavris*, 2015 WL 717935, at *7, 9; *Justice v. Ocwen Loan Serv., LLC*, No. 2:13-CV-00165, 2014 WL 526143, at *5 (S.D. Ohio Feb. 7, 2014); *Simmons v. Med-I-Claims*, No. 06-1155, 2007 WL 486879, at *8 (C.D. Ill. Feb. 9, 2007). "Significantly more relevant are objective indicators of the debt's status, as of the date it was obtained by [Dynamic]." *Mavris*, 2015 WL 717935, at *9.

Objective indicators of the debt's status are limited in this case. The last payment made on Echlin's PeaceHealth account was December 19, 2013. Huerta-Dowell Dec., Ex. 3. PeaceHealth sent Echlin letters regarding his account balance in January, February, and March 2014. *Id.* No payments were made in response to these letters. *Id.* PeaceHealth's Patient Financial Policy provides that "[p]atients with outstanding balances may have their accounts forwarded to collection agency after 90 days of non-payment." Dkt. 9 ¶ 12. On April 14, 2014, Dynamic sent a letter to Echlin on PeaceHealth letterhead regarding his account. Dkt. 9 ¶¶ 17–18, 21. In light of the limited evidence in the record, the Court cannot conclude as a matter of law that Echlin's

ORDER - 10

debt was not in default when Dynamic sent the April 2014 letter. The Court therefore denies Dynamic's motion on this ground.

### 3. Mailing Service

Next, Dynamic contends it merely acted as a mailing service for PeaceHealth when it mailed the April 2014 letter, and thus is not a debt collector under the FDCPA. Dkt. 14 at 13. To support this argument, Dynamic relies on *Powell v. Computer Credit, Inc.*, 975 F. Supp. 1034 (S.D. Ohio 1997).

In *Powell*, a company sent a letter to a debtor regarding a medical debt. *Id.* at 1040. The district court determined that the company was merely acting as a mailing service and not a collection service when it sent the letter. *Id.* at 1041. In reaching this conclusion, the court focused on the following factors: (1) the return address and telephone number indicated that the letter was from the medical center not the company; (2) the letter instructed the debtor to call the medical center with any questions; and (3) the medical center made "significant changes" to the company's form letter and possessed ultimate authority to approve the letter's contents. *Id.* at 1040–41.

Other district courts have similarly concluded that a company acts as a mailing service when it does not have input into the content of the letter that was mailed on the creditor's behalf and receives a flat rate for its mailing services regardless of the letter's success. *See, e.g.*, *Simmons*, 2007 WL 486879, at *6; *Aquino v. Credit Control Servs.*, 4 F. Supp. 2d 927, 929–30 (N.D. Cal. 1998); *Trull v. Lason Sys., Inc.*, 982 F. Supp. 600, 607–08 (N.D. Ill. 1997).

1    Here, the Court cannot conclude as a matter of law that Dynamic merely acted as a
2 mailing service for PeaceHealth. Similar to the letter in *Powell*, the April 2014 letter
3 provides PeaceHealth's contact information and directs payment to PeaceHealth. Dkt. 9
4 ¶ 17. The letter is also printed on PeaceHealth's letterhead. *Id.* In contrast to *Powell*,
5 however, there is no evidence that PeaceHealth substantively contributed to the April
6 2014 letter, had input into the letter's contents, or possessed ultimate authority to approve
7 the letter. *See Powell*, 975 F. Supp. at 1041; *see also Aquino*, 4 F. Supp. at 929; *Trull*,
8 982 F. Supp. at 607. Thus, there is insufficient evidence to support Dynamic's contention
9 that it was acting as a mailing service rather than a collection service in this case. The
10 Court denies Dynamic's motion for summary judgment.

11 **C.    Dynamic's Motion for a Protective Order**

12    Dynamic requests that the Court (1) temporarily bifurcate this suit into a liability
13 phase and a class allegation phase, and (2) enter a protective order stating that Dynamic
14 does not need to respond to class discovery until the Court rules on Dynamic's summary
15 judgment motion. Dkt. 25 at 2. Because the Court has denied Dynamic's summary
16 judgment motion, the Court denies Dynamic's motion for a protective order as moot.

17 **D.    Echlin's Motion for Extension of Time**

18    Echlin asks the Court to extend the deadline for class certification from March 9,
19 2015 to October 16, 2015. Dkt. 29. In response, Dynamic argues that Echlin should only
20 be provided twelve days from the date Echlin receives Dynamic's responses to class
21 discovery. Dkt. 36 at 3.

22

1    Federal Rule of Civil Procedure 23(c) requires the Court to rule on the issue of
2 class certification at an early practicable time. Fed. R. Civ. P. 23(c)(1)(A). Pursuant to
3 Local Rule 23(i)(3), a plaintiff in this district must move for class certification within 180
4 days after filing the complaint. Local Rules, W.D. Wash. LCR 23(i)(3). This period may
5 be extended on a motion for good cause. *Id.*

6    Here, Echlin's motion for class certification was due on March 9, 2015. Dkt. 29
7 ¶ 2; Local Rules, W.D. Wash. LCR 23(i)(3). Echlin served class discovery requests on
8 Dynamic on January 26, 2015. Dkt. 21-1, Declaration of Matthew Cunanan ¶ 5, Ex. 1.
9 Dynamic's responses were due on February 26, 2105. Dkt. 29, Declaration of Matthew
10 Cunanan, Ex. 4 at 1. Echlin therefore had twelve days between the date discovery
11 responses were due and the deadline to move for class certification. *Id.* Dynamic,
12 however, did not provide responses to class discovery because of Dynamic's pending
13 motion for a protective order related to class discovery. Dkt. 36 at 3. As discussed
14 above, the Court has denied Dynamic's motion for a protective order as moot.

15    Echlin has not established good cause to extend the deadline for class certification
16 to October 16, 2015. Echlin, however, should be provided twelve days from the date he
17 receives Dynamic's responses to discovery to move for class certification. The Court
18 therefore extends the deadline to move for class certification to twelve days after Echlin
19 receives class discovery from Dynamic.

20                              **IV. ORDER**

21    Therefore, it is hereby **ORDERED** that Echlin's motion for a continuance (Dkt.
22 21) is **DENIED**. Dynamic's motion to strike Echlin's surreply is **GRANTED** (Dkt. 35),

1  Dynamic's motion for summary judgment (Dkt. 14) is **DENIED**, and Dynamic's motion

2  for a protective order (Dkt. 25) is **DENIED as moot**.  Echlin's motion for an extension

3  of time (Dkt. 29) is **GRANTED in part** and **DENIED in part** as stated herein.

4      Dated this 29th day of April, 2015.

            _____
            BENJAMIN H. SETTLE
            United States District Judge